**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4936**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TOWANA LAVONE SCOTT,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   William L. Osteen, Senior District Judge.   (1:07-cr-00086-WLO)

Submitted:  March 20, 2009              Decided:  April 9, 2009

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant.   David P. Folmar, Jr., Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Towana Lavone Scott pled guilty pursuant to a plea agreement to distribution of crack cocaine in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B) (2006). She received a sentence of 262 months' imprisonment, followed by eight years' supervised release. Scott's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but arguing that Scott's sentence should be vacated and remanded for resentencing based on Amendment 706, which lowered the offense levels for drug offenses involving crack cocaine. U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c) (2007 & Supp. 2008); USSG App. C Amend. 706. Additionally, Scott filed a pro se supplemental brief, arguing that the district court failed to establish that a factual basis existed for her guilty plea and failed to inform her of her constitutional rights, and that the medication she was taking at the time of sentencing rendered her plea involuntary. We affirm.

We find that the district court complied with the requirements of Fed. R. Crim. P. 11 when it accepted Scott's guilty plea, ensuring that the plea was knowing and voluntary, that Scott understood the rights she was giving up by pleading guilty and the sentence she faced, and that she committed the offense to which she was pleading guilty. See Fed. R. Crim. P.

11(b). Though the district court did not specifically refer to the factual basis of the plea, its adoption of the presentence report, which explicitly detailed the offense conduct, was sufficient to establish a factual basis for Scott's guilty plea. See United States v. Martinez, 277 F.3d 517, 531-32 (4th Cir. 2002) (finding factual basis for plea where court had adopted presentence report containing facts supporting charged offenses)

We review Scott's sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 591 (2007). We may presume a sentence within a properly calculated guideline range is reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). As the district court correctly calculated Scott's advisory guideline range, adequately considered the 18 U.S.C. § 3553(a) (2006) factors, and sentenced Scott at the low end of the advisory guidelines range, we find Scott's sentence to be reasonable.

Scott contends that because she was sentenced prior to enactment of Amendment 706 to the guidelines, which lowered the offense levels for drug offenses involving crack cocaine, she is eligible to benefit from the retroactive application of the amendment. See USSG App. C Amend. 706. However, as Scott failed to raise this issue before the district court, it is not properly before us on appeal. See United States v. Brewer, 520

3

F.3d 367, 373 (4th Cir. 2008) ("It is, however, for the district court to first assess whether and to what extent [a] sentence may be . . . affected [by Amendment 706]."). Accordingly, we decline to address this issue, "without prejudice to [Scott's] right to pursue such relief in the sentencing court." Id. (footnote omitted).

After reviewing the remaining arguments raised in Scott's pro se supplemental brief, we find them to be without merit. In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. Accordingly, we affirm Scott's conviction and sentence.

This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4